UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL CARRUTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-72-WTL-DKL |
| ) | |
| CORRECTIONS CORPERATION OF ) | |
| AMERICA, MEDICAL STAFF, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Michael Carruthers, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Dr. Berger, Nurse Little, and Nurse Shull (the "Individual Medical Defendants") and Corrections Corporation of America ("CCA") were deliberately indifferent to his serious medical needs while he was housed at the Marion County Jail II ("Jail II"). Mr. Carruthers also alleges that defendant Jinnifer Buchanan retaliated against him for filing grievances regarding his medication. The defendants have moved for summary judgment and Mr. Carruthers has failed to respond. For the following reasons, the motion for summary judgment [dkt 52] is **granted**.

**I. Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no reasonable jury could find for the non-moving party, then

Case 2:14-cv-00072-WTL-DKL Document 56 Filed 08/12/15 Page 2 of 7 PageID #: 234

there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

As noted, Mr. Carruthers has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mr. Carruthers' claim for deliberate indifference is based on the fact that Dr. Berger ordered his Prozac medication to be administered in crushed or powdered form rather than in a capsule. Mr. Carruthers alleges in his complaint that he developed anxiety and acid reflux as a result of being administered Prozac in a powdered form rather than in a capsule form. Mr. Carruthers' Prozac was delivered to him in powdered form consistent with the practice at Jail II that all psychiatric medications are delivered to inmates in that form by either crushing the pill or emptying the medication from a capsule into a cup in the presence of the inmate during pill call. Psychiatric medications are delivered to inmates in powdered form because it reduces the risk of medications being smuggled back to the dorm by inmates hiding or not swallowing the pills or capsules. If psychiatric medications are smuggled back to the dorm as contraband, they can be sold or traded with other inmates, or taken by other inmates for improper purposes. Further if inmates are able to smuggle enough medications to the dorm over a period of time, there is a serious risk of overdose by an inmate.

2

Mr. Carruthers never spoke with Nurse Shull regarding the issue of Prozac being administered to him in powdered or crushed form rather than in a capsule. Mr. Carruthers' claim against Nurse Shull is based on her delivering Prozac to Mr. Carruthers in powdered form as ordered by Dr. Berger. Mr. Carruthers' deliberate indifference claim against Nurse Little is also on Nurse Little administering Prozac to Mr. Carruthers in powdered form as ordered by Dr. Berger. Mr. Carruthers' deliberate indifference claim against CCA is based on CCA allegedly not responding to a letter Mr. Carruthers wrote to CCA's corporate office regarding the administration of Prozac.

Mr. Carruthers' claim for retaliation against Ms. Buchanan is based on his belief that Ms. Buchanan retaliated against him for writing a letter to CCA's corporate office by having him transferred from Jail II to Marion County Jail I. Ms. Buchanan was an administrative assistant at Jail II during the relevant time period and had no responsibility for making decisions regarding the transfer of inmates. Rather, the Marion County Sheriff's Department was responsible for directing transfers, including Mr. Carruthers' transfer from Jail II to Jail I. Ms. Buchanan was not involved in the decision to transfer Mr. Carruthers from Jail II to Jail I.

### III. Discussion

The defendants move for summary judgment on Mr. Carruthers' deliberate indifference and retaliation claims.

A. *Deliberate Indifference*

Mr. Carruthers' deliberate indifference claims against the Individual Medical Defendants are that these defendants administered his Prozac in a powdered form, rather than in a capsule form which he would have preferred. His claim against CCA is that this defendant maintained an unconstitutional custom or policy regarding the dispensing of medication.

### 1. Individual Medical Defendants

The Individual Medical Defendants argue that they are entitled to summary judgment on Mr. Carruthers' claims because they were not deliberately indifferent to Mr. Carruthers' serious medical needs.

At the time of his confinement in Jail II, Mr. Carruthers was a pretrial detainee. Therefore, it is the Fourteenth Amendment's guarantee of due process which is the source of his protections while at the jail. *Minix v. Canarecci,* 597 F.3d 824, 831 (7th Cir. 2010). Pretrial detainees have a right to receive reasonable medical treatment for a serious injury or medical need, including mental health needs. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). To support a claim that there has been a violation of this right, a plaintiff must demonstrate two elements: (1) an objectively serious medical condition; and (2) deliberate indifference by the prison official to that condition. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006).

As to the first element, "[a]n objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotation omitted). As to the second element, "[t]o show deliberate indifference, [Mr. Carruthers] must demonstrate that the defendant was actually aware of a serious medical need but then was deliberately indifferent to it." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). This requirement is satisfied when a prison official "fail[s] to act despite his knowledge of a substantial risk of serious harm" to a prisoner. *Farmer v. Brennan,* 511 U.S. 825, 841 (1994).

The Individual Medical Defendants argue that the crushing of his medication does not satisfy the first element of an objectively serious medical condition because Mr. Carruthers does

not allege that he was denied access to the proper medication and because there is no evidence that the powdered form of the medicine caused any of his alleged injuries. The Individual Medical Defendants also argue that they were not deliberately indifferent because they did not disregard a known risk to Mr. Carruthers. These defendants have shown that they were not deliberately indifferent to any serious medical condition. It is undisputed that Mr. Carruthers' medication was administered in powder form not for the purpose of harming Mr. Carruthers, but consistent with the practice at Jail II that all psychiatric medications be provided in powder form in an effort to prevent the smuggling of these medications into the dorms. Having failed to respond to the motion for summary judgment, Mr. Carruthers has failed to rebut this evidence and has failed to provide any evidence that administering his medication in this manner actually caused him any harm. The Individual Medical Defendants are therefore entitled to summary judgment on Mr. Carruthers' claims.

### 2. CCA

CCA also argues that it cannot be held liable for deliberate indifference to Mr. Carruthers' serious medical needs because he has not shown any policy or custom of CCA that caused his injuries. A private corporation is not vicariously liable under 42 U.S.C. § 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008).*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[T]here must be an affirmative link between the policy and the particular constitutional violation alleged."). There is no evidence linking any CCA policy or custom to any of Mr. Carruthers' alleged injuries. Further, there is no evidence that any of the defendants were deliberately indifferent to Mr. Carruthers' serious medical needs. CCA is therefore entitled to summary judgment on the claims against it.

B. *Retaliation*

Defendant Buchanan moves for summary judgment arguing that she did not retaliate against Mr. Carruthers in any way. Mr. Carruthers alleges in his complaint that Ms. Buchanan had him transferred from Jail II to Marion County Jail I in retaliation for writing a letter regarding the administration of his medication in powder form.

It is undisputed that Ms. Buchanan did not order Mr. Carruthers to be transferred from Jail II to Jail I, nor did she even have the authority to do so. Rather, transfer decisions for inmates at Jail II – including the decision to transfer Mr. Carruthers from Jail II to Jail I – came from the Marion County Sheriff's Department. "Retaliation requires a showing that the plaintiff's conduct was a motivating factor in defendants' conduct." *Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013) (citing *Watkins v. Kasper,* 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009)). Here, there is no showing of any conduct on the part Ms. Buchanan related to Mr. Carruthers' complaint regarding his medication. Accordingly, Ms. Buchanan is entitled to summary judgment on Mr. Carruthers' retaliation claim.

### IV. Conclusion

For the foregoing reasons, the defendants are entitled to summary judgment on Mr. Carruthers' claims and their motion for summary judgment [dkt 52] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _August 12, 2015_

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Carruthers
910472
Pendleton Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel